UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD WERSHE, JR.,                         Case No. 21-11686

     Plaintiff,                                    F. Kay Behm
v.                                           United States District Judge

THE CITY OF DETROIT, *et al.*,

     Defendants.
_____ /

**ORDER DENYING *BIVENS* DEFENDANTS' MOTION FOR SANCTIONS (ECF No. 77)
AND DENYING PLAINTIFF'S COUNTER-REQUEST FOR SANCTIONS (ECF No. 80)**

I.    **INTRODUCTION**

    This case is before the court on Defendants Carol Dixon, Herman Groman,

Lynn Helland, and E. James King's (the "*Bivens* Defendants") motion for sanctions.

(ECF No. 77). This motion follows a lengthy civil rights litigation involving two

related cases: *Wershe v. City of Detroit,* Case No. 21-11686 ("*Wershe I*"), the

present matter, and *Wershe v. United States*, Case No. 22-12596 ("*Wershe II*").

Both cases, *Wershe I* and *Wershe II* were dismissed by this court on September

18, 2023 in a consolidated Opinion and Order finding that Plaintiff's claims were

barred by the relevant statutes of limitations. (ECF No. 73, PageID.1412).

Following the dismissal of Plaintiff's claims, the *Bivens* Defendants moved for

sanctions against Plaintiff Wershe and his attorneys pursuant to Federal Rule of Civil Procedure 11, 28 U.S.C. § 1927, Federal Rule of Civil Procedure 54(d)(2), and Eastern District of Michigan Local Rule 54.1.2.  (ECF No. 77, PageID.1444). Specifically, they ask for sanctions "in the form of a fee award for legal work done by the *Bivens* defendants' attorneys in defending against Wershe's untimely and unwarranted claims."  *Id.*, PageID.1444; 1446 ("we ask for an award of fees at market rates, jointly and severally payable to the *Bivens* defendants' attorneys by Wershe and his attorneys.").  Wershe filed a response on October 27, 2023, arguing not only that the motion should be denied, but also that the *Bivens* Defendants and/or their counsel should be sanctioned under Fed. R. Civ. P. 11 for the filing of this motion for sanctions.  (ECF No. 80, PageID.1597).  The *Bivens* Defendants filed a reply on October 30, 2023.  (ECF No. 81).  Pursuant to E.D. Mich. LR 7.1(f)(1), the court finds that oral argument would not aid in the resolution of this motion, and now decides it on the parties' briefs alone.  For the reasons stated below, the court denies both the *Bivens* Defendants' motion and Plaintiff's request for sanctions.

## II.   BACKGROUND

The court will not recount the extensive factual history of this case in full, but incorporates by reference the factual background section from the court's

consolidated Order issued on September 18, 2023.  (ECF No. 73).  In short,

Plaintiff's claims stem from allegations that he was "indoctrinated into criminal

society" as a child by officers from the Federal Bureau of Investigation (FBI) and

the Detroit Police Department (DPD), who allegedly recruited him to serve as a

confidential drug informant for a joint FBI/DPD "taskforce."  (*See* ECF No. 4,

PageID.88, 125).  Plaintiff was eventually arrested, convicted of possessing

7,933.8 grams of cocaine, and sentenced to life in prison without the possibility of

parole under Michigan's "650-lifer law."  *Id.*, PageID.95.  Following reforms to the

"650-lifer law," Plaintiff became eligible for parole in 2002, and was granted

parole in 2017.  *Id.*, PageID.98, 105.  Upon his release from prison in Michigan, he

was immediately transferred to a Florida prison, where he served five years on a

separate racketeering conviction.  *Id.*, PageID.104.  In total, Plaintiff served 32

years and seven months in prison before he was released on July 20, 2020.  *Id.*,

PageID.105.

On July 20, 2021, Plaintiff filed the present matter, *Wershe I*, against the

City of Detroit, William Jasper, Kevin Greene, the four *Bivens* Defendants (Carol

Dixon, Herman Groman, Lynn Helland, and E. James King), and an unknown

Assistant United States Attorney.[1]  *Id.*, PageID.82; *see also* ECF No. 1.  Plaintiff's

first amended complaint, filed on September 14, 2021, brought a number of

claims under 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of Fed.*

*Bureau of Narcotics*, 403 U.S. 388 (1971), for alleged violations of his

constitutional rights.  (ECF No. 4)  Plaintiff filed his second case, *Wershe II*, on

October 28, 2022, against the United States of America.[2]  (*Wershe II*, ECF No. 1).

*Wershe II* brought seven tort claims under Michigan law pursuant to the Federal

Tort Claims Act (FTCA), 28 U.S.C. § 1346(b).  *Id*.  Defendants in both cases filed

motions to dismiss the relevant counts.  (*See Wershe I*, ECF Nos. 8, 34; *Wershe II,*

ECF No. 6).

On July 19, 2023, the court held a hearing in both cases, *Wershe I* and

*Wershe II*, which was "limited in scope to the statutes of limitations applicable to

Plaintiff's claims."  (*See* ECF No. 58)  The court issued a consolidated Opinion and

Order on September 18, 2023, finding "Plaintiff's claims in both *Wershe I* and

*Wershe II* were untimely under the relevant statutes of limitations" and Plaintiff's

---

[1] *Wershe I* was originally before District Judge Laurie J. Michelson, but was reassigned to District Judge Shalina D. Kumar on February 15, 2022, and subsequently to the undersigned on February 6, 2023.

[2] *Wershe II* was originally before District Judge Denise Page Hood, but was reassigned to District Judge Shalina D. Kumar on November 8, 2022, and subsequently to the undersigned on February 6, 2023.

"generalized fear of retaliation" did not entitle him to equitable tolling.  (ECF No.

73, PageID.1433).  As such, the court dismissed all of Plaintiff's claims in both

cases.  *Id*., PageID.1438.  Approximately one month later, on October 11, 2023,

the *Bivens* Defendants filed the present motion for sanctions against "Ayad Law

PLLC, Nabih H. Ayad, and William D. Savage – who signed and advocated

Wershe's 'verified' complaints and later papers," and "'verifier' Wershe."  (ECF

No. 77, PageID.1444).

## III.   RELEVANT LEGAL STANDARDS

The *Bivens* Defendants' motion argues that sanctions are warranted under

Fed. R. Civ. P. 11, 28 U.S.C. § 1927, Fed. R. Civ. P. 54(d)(2), and E.D. Mich. LR

54.1.2.  *Id.*

Fed. R. Civ. P. 11 requires an attorney filing a pleading in federal court to

certify, to the best of their "knowledge, information, and belief, formed after an

inquiry reasonable under the circumstances," that:

> (1) it is not being presented for any improper purpose,
> such as to harass, cause unnecessary delay, or
> needlessly increase the cost of litigation;
> (2) the claims, defenses, and other legal contentions are
> warranted by existing law or by a nonfrivolous
> argument for extending, modifying, or reversing
> existing law or for establishing new law;
> (3) the factual contentions have evidentiary support or,
> if specifically so identified, will likely have evidentiary

> support after a reasonable opportunity for further
> investigation or discovery; and
> (4) the denials of factual contentions are warranted on
> the evidence or, if specifically so identified, are
> reasonably based on a belief or a lack of information.

Fed. R. Civ. P. 11(b).  The Advisory Committee Notes to Rule 11 set forth the

following factors a court may consider in deciding a motion for sanctions:

> Whether the improper conduct was willful, or negligent;
> whether it was part of a pattern of activity, or an
> isolated event; whether it infected the entire pleading,
> or only one particular count or defense; whether that
> person has engaged in similar conduct in other litigation;
> whether it was intended to injure; what effect it had on
> the litigation process in time or expense; whether the
> responsible person is trained in the law; what amount,
> given the financial resources of the responsible person,
> is needed to deter that person from repetition in the
> same case; what amount is needed to deter similar
> activity by other litigants.

Fed. R. Civ. P. 11, Advisory Committee Notes (1993 amend.).  The Sixth Circuit's

test for Rule 11 sanctions asks "whether the individual's conduct was reasonable

under the circumstances."  *Union Planters Bank v. L & J Dev. Co.*, 115 F.3d 378,

384 (6th Cir. 1997) (citing *Lemaster v. United States*, 891 F.2d 115, 118 (6th Cir.

1989)).  Courts must use an objective standard and must determine what was

reasonable under the circumstances at the time the pleading was filed.  *Salkil v.*

*Mount Sterling Twp. Police Dep't*, 458 F.3d 520, 530 (6th Cir. 2006) (citing *INVST*

*Fin. Group, Inc. v. Chem-Nuclear Sys., Inc.*, 815 F.2d 391, 401 (6th Cir. 1987))

("Although a district court is given wide discretion in deciding whether counsel

have acted reasonably under the circumstances, '[t]he court is expected to avoid

using the wisdom of hindsight and should test [counsel]'s conduct by inquiring

what was reasonable to believe at the time [counsel acted.]'").

28 U.S.C. § 1927 similarly provides a basis for sanctions.  Specifically, it

states:

> Any attorney or other person admitted to conduct cases
> in any court of the United States or any Territory thereof
> who so multiplies the proceedings in any case
> unreasonably and vexatiously may be required by the
> court to satisfy personally the excess costs, expenses,
> and attorneys' fees reasonably incurred because of such
> conduct.

28 U.S.C. § 1927.  Under this section, "sanctions are warranted when an attorney

objectively 'falls short of the obligations owed by a member of the bar to the

court and which, as a result, causes additional expense to the opposing party.'"

*Red Carpet Studios Div. of Source Advantage, Ltd. v. Sater*, 465 F.3d 642, 646 (6th

Cir. 2006) (citing *Ruben v. Warren City Sch.*, 825 F.2d 977, 984 (6th Cir. 1987)).

"The purpose is to deter dilatory litigation practices and to punish aggressive

tactics that far exceed zealous advocacy."  *Id.* (citing *Jones v. Continental Corp.*,

789 F.2d 1225, 1230-31 (6th Cir. 1986)).

Fed. R. Civ. P. 54(d)(2) governs the filing of motions for attorney's fees, stating: "[a] claim for attorney's fees and related nontaxable expenses must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages." Fed. R. Civ. P. 54(d)(2)(A). Under this rule, "[u]nless a statute or a court order provides otherwise, the motion must: (i) be filed no later than 14 days after the entry of judgment; (ii) specify the judgment and the statute, rule, or other grounds entitling the movant to the award; (iii) state the amount sought or provide a fair estimate of it; and (iv) disclose, if the court so orders, the terms of any agreement about fees for the services for which the claim is made." *Id.* In this district, pursuant to E.D. Mich. LR 54.1.2, "[a] motion for attorneys' fees and related non-taxable expenses pursuant to Fed. R. Civ. P. 54(d)(2) must be filed no later than 28 days after entry of judgment." E.D. Mich. LR 54.1.2(a). This motion must also be supported by "a memorandum brief as to the authority of the Court to make such an award" and "an affidavit of counsel setting out in detail the number of hours spent on each aspect of the case, the rate customarily charged by counsel for such work, the prevailing rate charged in the community for similar services, and any other factors which the Court should consider in making the award." E.D. Mich. LR 54.1.2(b).

IV.    **ANALYSIS**

    A.    <u>*Bivens* Defendants' Motion for Rule 11 Sanctions</u>

To bring a motion for sanctions under Fed. R. Civ. P. 11, a party must first comply with the Rule's "safe harbor provision."  *See Penn, LLC v. Prosper Bus. Dev. Corp.*, 773 F.3d 764, 766-67 (6th Cir. 2014).  This provision, intended to "allow the nonmovant a reasonable period to reconsider the legal and factual basis for his contentions and, if necessary, to withdraw the offending document," requires a party to serve their proposed motion for sanctions on the opposing party at least 21 days before filing the motion with the court.  Fed. R. Civ. P. 11(c)(2) ("The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets.").  "Failure to comply with the safe-harbor provision precludes imposing sanctions on the party's motion."  *Penn, LLC*, 773 F.3d at 767.

Plaintiff argues in opposition to the *Bivens* Defendants' motion that he was not served properly under Rule 11's safe harbor provision, which requires "the moving party to have provided the nonmovant with **<u>the exact motion</u>** requesting sanctions, prior to their filing of the motion."  (ECF No. 80, PageID.1623) (emphasis in original).  The Sixth Circuit has not directly commented on whether a

motion filed under Rule 11 must be the same motion sent to the opposing party

under the safe harbor provision.  However, the Sixth Circuit has been clear that

only service of a *motion* for sanctions, not a "warning letter," satisfies this rule,

stating: "[w]e have no doubt that the word 'motion' definitionally excludes

warning letters." [3]  *Penn, LLC*, 773 F.3d at 764.  Further, courts across the country

who have addressed this question have held that, to comply with Rule 11's safe

harbor provision, the motion filed with the court must be the *exact same* motion

---

[3] The *Bivens* Defendants point to a recent Sixth Circuit decision, *King v. Whitmer*, which found that defendant complied with Rule 11's safe harbor provision when they "sent plaintiffs a *detailed letter* specifying the allegedly sanctionable material" more than 21 days prior to the filing of their motion for sanctions.  *King v. Whitmer*, 71 F.4th 511, 529 (6th Cir. 2023) (emphasis added).  The Sixth Circuit, however, does not fully explain what was in this "detailed letter" and does not fully analyze its sufficiency under the rule.  *Id.*  Looking to the lower court filings, the defendant's relevant "motion for sanctions, for disciplinary action, for disbarment referral and for referral to state bar disciplinary bodies," filed on January 5, 2021, states:

> The City also served Plaintiffs with a Motion for Sanctions under
> Fed. R. Civ. P. 11 on December 15, 2020. Plaintiffs did not
> withdraw or correct any of the false factual allegations and
> frivolous legal theories in their pleadings during the 21 days "safe
> harbor" period. Thus, this motion is timely.

(*King v. Whitmer*, Eastern District of Michigan Case No. 20-13134, ECF No. 78, PageID.3617). Additionally, Eastern District of Michigan Judge Linda V. Parker's earlier Order in *King v. Whitmer* discussed the "Safe Harbor Motion the City served on Plaintiffs' counsel on December 15, 2020."  *King v. Whitmer*, 556 F. Supp. 3d 680, 704 (E.D. Mich. 2021). These two points suggest that the defendant did serve the plaintiffs with an actual motion, not just a letter.  As such, the court does not interpret the Sixth Circuit's decision in *King v. Whitmer* as overruling their prior precedent.  *See Penn, LLC*, 773 F.3d at 767 ("[f]irst and most important, the rule specifically requires formal service of a motion.").

sent to the opposing party.  *See SortiumUSA, LLC v. Hunger*, No. 3:11-CV-1656-M,

2014 WL 1080765, at *3 (N.D. Tex. Mar. 18, 2014) ("Big Time's failure to serve the

Plaintiff during the safe-harbor period with the same motion for sanctions that it

later filed with the Court indicates that it has not strictly complied with Fed. R.

Civ. P. Rule 11(c)(2).") (citing *Roth v. Green*, 466 F.3d 1179, 1192 (10th Cir. 2006)

("[t]he plain language…requires a copy of the actual motion for sanctions to be

served on the person(s) accused of sanctionable behavior at least twenty-one

days prior to the filing of that motion."); *Robinson v. Alutiq-Mele, LLC*, 643 F.

Supp. 2d 1342, 1350-51 (S.D. Fla. 2009) ("By its plain language, Rule 11 requires a

movant to file and serve the same sanctions motion."); *O'Connell v. Smith*, No. CV

07-0198-PHX-SMM, 2008 WL 477875, at *2 (D. Ariz. Feb. 19, 2008) (rejecting the

contention that service of a "draft" motion for sanctions satisfies the safe harbor

provision of Rule 11); *Wells Fargo Home Mortg., Inc. v. Taylor*, Nos. 04-825 & 04-

841, 2004 WL 1771607, at *1 (E.D. La. Aug. 5, 2004) (a draft of a different motion

for sanctions "is not sufficient to fulfill the Rule 11 requirements")).

The *Bivens* Defendants sent Plaintiff's counsel, Mr. Ayad and Mr. Savage, a

copy of their "prospective sanctions motion" on May 6, 2022[4] via email at 5:53

---

[4] Notably, this prospective motion was served on Plaintiff and his counsel 17 months
before the motion was actually filed with this court on October 11, 2023.

pm, which they argue is sufficient to meet Rule 11's requirements.  (ECF No. 77-

10).  This prospective motion, labeled "*Bivens* Defendants' [Prospective] Sanctions

Motion" makes the following key arguments, among others:

> Wershe's *Bivens* claims are unwarranted by fact and law,
> have no proper purpose, in material respects lack
> evidentiary support and are grounded on allegations
> inconsistent with Wershe's previous sworn testimony,
> admissions, and representations in state and federal
> court proceedings, and are based on false assertions and
> misrepresentations.
>
> []
>
> Wershe's *Bivens* action is devoid of legal merit and
> factual basis. It is premised on misrepresentations –
> direct and by omission, half-truths, and untruths –
> presented in this Court and in the media for no proper
> purposes.  Wershe uses this action to promote his
> "brand," foster his "victim" persona, and enhance his
> commercial interests.

*Id.*, PageID.1563, 1570.  There are a number of key differences between the

motion served on Plaintiff's counsel and the motion eventually filed with the

court.  Notably, the *Bivens* Defendants' current motion argues "he and his

attorneys failed to plead facts that, even if true, would prove that Wershe's

convictions and prison sentences were 'reversed on direct appeal' or 'invalidated,'

an essential element of his *Bivens* claims."  (ECF No. 77, PageID.1445).  The

current motion also focuses on the court's dismissal of Plaintiff's claims for being

12

untimely, arguing that "Wershe and his attorneys asserted 'equitable tolling' to avoid the time-bar but, as the Court held [], relied [sic] on Wershe's supposed subjective 'fears' factually-unconnected to the *Bivens* defendants and failed to plead facts that, even if true, could satisfy *any* of the equitable tolling doctrine's 'required elements.'" *Id*. Neither of these arguments are mentioned in the "prospective" motion, outside of a general note that the motion "incorporates the *Bivens* defendants' dismissal motion, brief, and exhibits," which makes similar arguments about the validity of the *Bivens* claims and the case's timeliness. (*See* ECF No. 34). Because the current motion was not the same motion sent to Plaintiff and his counsel, and adds several new arguments following the court's dismissal of Plaintiff's claims, it fails to comply with Rule 11's safe harbor provision, and the *Bivens* Defendants are not entitled to Rule 11 sanctions.

B.   *Bivens* Defendants' Motion for Sanctions under 28 U.S.C. § 1927

Even though the *Bivens* Defendants are not entitled to sanctions under Rule 11, they may still seek excess costs and attorney fees under 28 U.S.C. § 1927. "Unlike Rule 11 sanctions, a motion for excess costs and attorney fees under § 1927 is not predicated upon a 'safe harbor' period, nor is the motion untimely if made after the final judgment in a case." *Ridder v. City of Springfield*, 109 F.3d 288, 297 (6th Cir. 1997) (citing *In re Ruben*, 825 F.2d 977, 981-82) (6th Cir. 1987)).

As stated above, 28 U.S.C. § 1927 provides that any attorney "who so multiples the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."  28 U.S.C. § 1927; *see also Ridder*, 109 F.3d at 298.  Sanctions under § 1927 cannot be based on "simple inadvertence or negligence that frustrates the trial judge," rather "[t]here must be some conduct on the part of the subject attorney that trial judges, applying the collective wisdom of their experience on the bench, could agree falls short of the obligations owed by a member of the bar to the court and which, as a result, causes additional expense to the opposing party."  *Ridder*, 109 F.3d at 298 (citations omitted).  "[T]he mere finding that an attorney failed to undertake a reasonable inquiry into the basis for a claim does not automatically imply that the proceedings were intentionally or unreasonably multiplied."  *Id.*

The *Bivens* Defendants now seek a fee award from Plaintiff's attorneys, "Ayad Law PLLC, Nabih H. Ayad, and William D. Savage," arguing they "ignored defense dismissal requests and complicated, multiplied, and prolonged their unwarranted claims unreasonably and vexatiously."  (ECF No. 77, PageID.1460). Specifically, the *Bivens* Defendants argue fees are warranted for three key reasons: (1) because Plaintiff's *Bivens* claims were inexcusably untimely; (2)

because Plaintiff's *Bivens* claims were legally and factually meritless; and (3)

because Plaintiff's pleadings "made false assertions of fact, disregarded the law,

and filed this lawsuit with an ulterior purpose." *Id.*, PageID.1448.  The court will

address each of these arguments in turn.

### i.    Timeliness of *Bivens* claims

The *Bivens* Defendants first argue they are entitled to fees because Plaintiff

knowingly brought untimely claims and the equitable tolling doctrine "*never*

applied to Wershe's self-claimed circumstances." *Id.*, PageID.1461 (emphasis in

original).  Plaintiff's first amended complaint admits his claims were filed outside

of the relevant statutes of limitations, but he argues they fall under an "emerging

doctrine" which finds that, "when a prisoner has a legitimate fear of retaliation

for exercising their rights, equitable tolling must be considered."  (ECF No. 4,

PageID.83); *see also Davis v. Jackson*, No. 15-CV-5359 (KMK), 2016 WL 5720811,

at *11 (S.D.N.Y. September 30, 2016) ("Thus, the Court concludes that in the

prison context, reasonable fear of retaliation may be sufficient to constitute

extraordinary circumstances warranting equitable tolling, particularly if the

person threatening retaliation is a defendant or another official who could be or

was influenced by a defendant.").  The court analyzed Plaintiff's arguments about

the applicability of equitable tolling to his unique situation and found that he

failed to allege "specific facts showing that a reasonable fear of retaliation prevented [him] from filing a timely complaint."  (ECF No. 73, PageID.1437) (citing *Davis*, 2016 WL 572018, at *11; *Stone #1 v. Annucci*, No. 20-CV-1326 (RA), 2021 WL 4463033, at *12 (S.D.N.Y. Sept. 28, 2021)).

The *Bivens* Defendants now argue that "from the start, Wershe did not satisfy the *Davis* principles or *Iqbal* standards and he failed to state a cognizable or timely claim."  (ECF No. 77, PageID.1465).  Plaintiff's arguments for equitable tolling relied heavily on *Davis v. Jackson*, "an unpublished case from the Southern District of New York [which] is not binding on this court."  (ECF No. 73, PageID.1431).  The court noted that "neither the Sixth Circuit nor the Michigan courts have directly addressed the issue of equitable tolling due to a fear of retaliation" and, therefore, whether *Davis* was applicable to the unique facts of this case presented a relatively novel question of law.  *Id.*, PageID.1432.  Courts are generally hesitant to award sanctions to a prevailing party based on the court's dismissal of a novel, albeit unsuccessful, argument.  *See In re John Richards Homes Bldg. Co., L.L.C.*, No. 02-54689, 2009 WL 5166199, at *2 (E.D. Mich. Dec. 17, 2009) ("Simply because JRH's interpretation of the Michigan statute was novel did not make it frivolous. JRH simply lost on the interpretation issue; the conduct of JRH and its attorneys in arguing that position does not now

warrant sanctions simply because they lost and their argument was not persuasive."); *see also B & H Med., L.L.C., v. ABP Admin., Inc.*, 526 F.3d 257, 271 (6th Cir. 2008) ("Sanctions are not appropriate simply because an appellant's case 'may indeed be quite weak.'"); *Gaiardo v. Ethyl Corp.*, 835 F.2d 479, 493 (3d Cir. 1987) ("Nothing in the language of the Rule or the Advisory Committee Notes supports the view that 'the Rule empowers the district court to impose sanctions on lawyers simply because a particular argument or ground for relief contained in a non-frivolous motion is found by the district court to be unjustified.'").  This is based on a fear of restricting or "inhibit[ing] imaginative legal or factual approaches to the applicable law."  *Gaiardo*, 835 F.2d at 483.

As stated above, fees may be awarded pursuant to 28 U.S.C. § 1927 only if "the attorney 'multiples the proceedings' in the case 'unreasonably and vexatiously.'"  28 U.S.C. § 1927.  While the court did not adopt Plaintiff's theory and rule in his favor on the equitable tolling issue, this decision was made only after the court independently analyzed the unique facts of this case under both the *Holland v. Florida* two-factor test and the Sixth Circuit's five-factor test.  (*See* ECF No. 73, PageID.1437).  Given the novelty of Plaintiff's argument and the unique facts of this case, the court does not find that Plaintiff's counsel acted recklessly or made frivolous claims by arguing that equitable tolling applied.  *See*

*Red Carpet Studios Div. of Source Advantage, Ltd.*, 465 F.3d at 646 (holding that §

1927 sanctions require "something more than negligence or incompetence");

*Riddle v. Egensperger*, 266 F.3d 542, 553 (6th Cir. 2001) (holding that § 1927

sanctions are appropriate if an attorney "knows or reasonably should know that a

claim pursued is frivolous.").  As such, the *Bivens* Defendants are not entitled to

recover fees under this argument.

<blockquote>

*ii.*    Merit of *Bivens* claims

</blockquote>

The *Bivens* Defendants next argue they are entitled to recover fees from

Plaintiff's counsel because "Wershe and his attorneys presented and advocated

*Bivens* claims that were legally and factually unwarranted *and* that depended on

deliberate falsehoods and willful misrepresentation by omission."  (ECF No. 77,

PageID.1460).  Specifically, they argue "Wershe's *Bivens* claims were barred by

causation principles and were 'not cognizable' under *Heck v. Humphrey* []," and

"'Damages' claims like Wershe's – asserting 'unconstitutional conviction or

imprisonment' – 'must be dismissed' if, as here, the 'conviction or sentence' was

not 'reversed on direct appeal' or otherwise legally 'invalidated.'"  *Id.*,

PageID.1466.  The court's September 18, 2023 Order specifically clarified that it

was limited to dismissing Plaintiff's claims based on the statutes of limitations and

"should not be taken as a ruling on the merits of any of the other substantive

claims included in these motions." (ECF No. 73, PageID.1438 n. 8). The relief the *Bivens* Defendants now ask for would require the court to undertake an analysis and make a ruling on whether Plaintiff's substantive claims failed on the merits to a degree that would make them frivolous. The court declines to do so. The *Bivens* Defendants are not entitled to recover fees under this argument.

        *iii.*   <u>Alleged false assertions of fact, disregard for the law, and ulterior purpose</u>

Finally, the *Bivens* Defendants argue Plaintiff and his attorneys violated Rule 11's "duty of candor" to the court and other parties by "presenting falsehoods in 'verified' papers and affidavits offered 'under penalty of perjury,'" as well as "omitt[ing] pertinent facts, disregard[ing] pertinent law, and irresponsibly complicat[ing] and prolong[ing] the unwarranted *Bivens* claims." (ECF No. 77, PageID.1468). As discussed above, the *Bivens* Defendants are not entitled to Rule 11 sanctions because they failed to comply with the safe harbor provision. Therefore, the court may only impose sanctions for their "false assertions of fact, disregard[] [for] the law" and "ulterior purpose" if this conduct is found to have "unreasonably and vexatiously" multiplied the proceedings, pursuant to 28 U.S.C. § 1927. "Since the plain language of the statute only penalizes attorneys who vexatiously and unreasonably 'multiply' proceedings,

Courts generally do not impose sanctions under 28 U.S.C. § 1927 based on the filing of an initial complaint that turns out to be meritless…"  *El-Khalil v. Tedeschi*, No. 18-12759, 2023 WL 5827666, at *8 (E.D. Mich. Sept. 8, 2023).

The *Bivens* Defendants' motion bases their argument about "false fact assertions and willful misrepresentation" on two categories of claims: (1) Plaintiff's assertions in Counts 7 and 9 about the "unwritten promises" made by Groman, Helland, and King to support his state parole, which were allegedly "'breached' in 2003 when – supposedly – they 'refused' support, opposed parole, and 'advocated for' Wershe's 'permanent incarceration;'" and (2) Plaintiff's assertions in Counts 6, 10, and 11 about the cause of his criminality and incarceration, which were allegedly contradicted by his own testimony at various hearings in 1999-2002 and 2017.  (ECF No. 77, PageID.1469-72).  The *Bivens* Defendants' motion also argues generally that Plaintiff and his attorneys' "complaint and advocacy omitted facts which debunked their 'equitable tolling' plea *and* the causation and 'breached promises' assertions on which their *Bivens* claims depended."  *Id.*, PageID.1472.  They also note that, although "Wershe's 'equitable tolling' plea depended on *Davis*…his attorneys cited only *Davis 1* [], not *Davis 2*," in further violation of their duty of candor.  *Id.*, PageID.1474.  These arguments are limited to the facts alleged in Plaintiff's original complaint and,

therefore, they cannot form the basis of an award of sanctions under § 1927.  *El-Khalil*, 2023 WL 5827666, at *9 ("this Court finds that Gonek's act of filing a complaint asserting FCA claims that turned out to be unmeritorious does not amount to a vexatious or unreasonable multiplication of proceedings worthy of sanctions under § 1927.").

Finally, the *Bivens* Defendants argue Plaintiff's "true goal" was to sue the United States, and they "offered in June 2022 to dismiss their placeholder claims against Dixon, Groman, Helland, and King and 'substitute' the United States" but, even after Defendants agreed, "Wershe's attorneys multiplied proceedings by vexatiously: (1) moving to *add* the United States *and keep* the *Bivens* defendants, and (2) filing untenable "companion" claims against the United States (in E.D. Mich. no. 22-cv-12596) based on assertions virtually-identical to their false and legally-deficient assertions in this case."  (ECF No. 77, PageID.1475-76).  They also argue Wershe intended to use this lawsuit to "expand and profit from his 'notoriety,'" pointing to media statements made on the steps of the federal courthouse "about this lawsuit and his new 'cannabis brand' – called 'the 8th by White Boy Rick.'"  *Id.*, PageID.1476.  The court does not find that these actions "unreasonably or vexatiously" multiplied the proceedings in this case to the degree required by § 1927.  While the filing of a separate lawsuit against the

United States of America (*Wershe II*) added a layer of complication to the proceedings, Plaintiff has repeatedly asserted that this was done "to help preserve Plaintiff's rights owing to statute of limitations concerns," after the court failed to act. (ECF No. 80, PageID.1606). This alone does not merit sanctions. *See El-Khalil*, 2023 WL 5827666, at *9 ("Gronek's act of filing an amended complaint did not unreasonably or vexatiously multiply the proceedings of the case" where his amended complaint was "word-for-word identical to Khalil's argument already presented in his first motion."). Additionally, whatever Plaintiff's "motive" was for filing this lawsuit, it did not alone unreasonably lengthen or delay the proceedings. As such, the *Bivens* Defendants are also not entitled to recover fees under this argument.

C.   *Bivens* Defendants' Motion for Attorney's Fees under Fed. R. Civ. P. 54(d)(2) and E.D. Mich. LR 54.1.2(a)

In addition to their claims under Fed. R. Civ. P. 11 and 28 U.S.C. § 1927, the *Bivens* Defendants cite Fed. R. Civ. P. 54(d)(2) and E.D. Mich. LR 54.1.2 as a basis for their requested relief. (ECF No. 77, PageID.1444). As stated above, Fed. R. Civ. P. 54(d)(2) creates a provision for the recovery of "attorney's fees and related nontaxable expenses." Fed. R. Civ. P. 54(d)(2)(A). Such a motion must: "(i) be filed no later than 14 days after the entry of judgment;" "(ii) specify the judgment

and the statute, rule, or other grounds entitling the movant to the award;" "(iii)
state the amount sought or provide a fair estimate of it;" and "(iv) disclose, if the
court so orders, the terms of any agreement about fees for the services for which
the claim is made."  Fed. R. Civ. P. 54(d)(2)(B).  This rule is supplemented by E.D.
Mich. LR 54.1.2, which gives a party seeking costs 28 days from the entry of
judgment, rather than 14 days, to file their motion.  E.D. Mich. LR. 54.1.2.

The *Bivens* Defendants' motion does not specifically detail their entitlement
to relief under Fed. R. Civ. P. 54(d)(2) outside of their general request for
sanctions under Fed. R. Civ. P. 11 and 29 U.S.C. § 1927.  (ECF No. 77, PageID.1444)
("The *Bivens* defendants ask for a fee award (1) against Wershe's
attorneys…**under Rule 11(b)(1), (2), and (3)** and **28 U.S.C. 1927**, and (2) against
"verifier" Wershe, **under Rule 11(b)(1) and (3).**") (emphasis added).  Fed. R. Civ. P.
54(d)(2) explicitly "do[es] not apply to claims for fees and expenses as sanctions
for violating these rules or as sanctions under 28 U.S.C. § 1927.  Fed. R. Civ. P.
54(d)(2)(E).  The *Bivens* Defendants have cited no other authority to support their
entitlement to attorney's fees under this subsection and, therefore, the court
denies their request.

D.    Plaintiff's Response and Request for Sanctions

Plaintiff's response not only requests the *Bivens* Defendants' motion be

denied, but also requests "Defendants and/or their counsel, John G. Adam and

Stuart M. Israel, be sanctioned for filing the pending motion, as is allowed

pursuant to Rule 11."  (ECF No. 80, PageID.1597).  As discussed above, before

moving for sanctions under Rule 11, a party typically must serve their proposed

motion on the opposing party at least 21 days before filing it with the court.  Fed.

R. Civ. P. 11(c)(2) ("The motion must be served under Rule 5, but it must not be

filed or be presented to the court if the challenged paper, claim, defense,

contention, or denial is withdrawn or appropriately corrected within 21 days after

service or within another time the court sets.").  "Failure to comply with the safe-

harbor provision precludes imposing sanctions on the party's motion."  *Penn, LLC*,

773 F.3d at 767.  The advisory committee notes to Rule 11 state, however, that

"service of a *cross motion* under Rule 11 should rarely be needed since under the

revision the court may award to the person who prevails on a motion under Rule

11 – whether the movant or the target of the motion – reasonable expenses,

including attorney's fees, incurred in presenting or opposing the motion."  Fed. R.

Civ. P. 11, advisory committee notes to 1993 amend (emphasis added).  However,

to the extent a party's cross-motion seeks additional sanctions "*in addition to* fees

and expenses incurred in opposing" the sanctions motion, the safe harbor

provision does apply.  *Universal Surveillance Corp. v. Checkpoint Sys., Inc.*, No.

5:11-CV-1755, 2013 WL 8350812, at *6 n. 23 (N.D. Ohio Oct. 16, 2013), *report and

recommendation adopted*, No. 5:11CV1755, 2014 149315 (N.D. Ohio Apr. 15,

2014) (emphasis in original); *see also Rich v. Taser Int'l, Inc.*, No. 2:09-CV-02450-

ECR, 2012 WL 3155137, at *4 (D. Nev. Aug. 2, 2012) ("To the extent that Plaintiffs

seek additional sanctions, Plaintiffs' request must be denied as procedurally

improper.").

Here, Plaintiff seeks sanctions "as [] allowed pursuant to Rule 11."  (ECF No.

80, PageID.1597).  Specifically, he argues the *Bivens* Defendants' conduct is

sanctionable for ten independent reasons:

- (1) For "having the gall to accuse him of bringing suit solely for 'commercial purposes.'"
- (2) For speculating that "'Plaintiff's 'true goal' was to sue the United States" when, had the litigation continued, the United States would have been substituted regardless.
- (3) For arguing that his failure to cite only *Davis 1,* not *Davis 2*, was sanctionable, as "*Davis 2* did not abrogate the holding in *Davis 1* in any way, shape, or form."
- (4) For making the "nonsense" argument that Plaintiff violated his duty of candor.
- (5) Because their "accusations of 'false causation assertion' for counts 6, 10, [and] 11 are frivolous."
- (6) Because their "accusations of 'false breached promises assertions' behind counts 7 and 9 are frivolous."

- (7) Because no claims were filed against Carol Dixon.
- (8) Because they "impermissibly relitigate, post-judgment that Plaintiff's claims were barred by immunity law, *Bivens*, *Heck v. Humphreys* principles, and *Iqbal* pleading standards."
- (9) For "Defendants' attempted retrospective re-litigation of their 'reasonable diligence' and 'reasonable fear' arguments."
- (10) "[A]s their motion is not 'warranted by existing law' where they filed a completely different motion than the one which they originally sent Plaintiff, pre-judgment."

*Id.*, PageID.1604-1622.  Many of Plaintiff's arguments appear to be responding to what he views as personal attacks made by the *Bivens* Defendants in their motion. *See id.*, PageID.1610 (Defendants' attempt to hold Plaintiff to statements made by him or his agents while Plaintiff was clearly under duress is wrong of Defendants technically and morally; And it is indecent and unbecoming of members of the bar."); PageID.1627 ("The undersigned has been awarded by almost every major civil rights organization, including receiving special recognition from the Department of Justice, co-chairing civil and law enforcement organizations, being appointed Civil Rights Commissioner by two Governors of this state (and so vetted by the Michigan Senate)…He would never consider bringing a case that was anywhere near frivolous.").  The remainder of Plaintiff's arguments counter the points made in the *Bivens* Defendants' motion including, in part, that "there simply was no requirement of any kind on Plaintiff to cite [*Davis 2*]," it was facially false to argue that Plaintiff sued Carol Dixon, "where Plaintiff has only ever sued

the estate of James Dixon," Defendants' arguments as to Plaintiff's *Bivens* claims

"have already been considered by this Court had were not found meritorious,"

and Defendants failed to comply with Rule 11, where they filed "a substantially

different motion (one that incorporates, references, and heavily relies on this

Court's final order) than the 'motion' which they sent to Plaintiff's counsel." *Id.*,

PageID.1607, 1615, 1617, 1625.

Again, under Rule 11 sanctions may be imposed if "a reasonable inquiry

discloses the pleading, motion or paper is (1) not well grounded in fact, (2) not

warranted by existing law or a good faith argument for the extension,

modification or reversal of existing law, or (3) interposed for any improper

purpose such as harassment or delay." *Merritt v. Int'l Ass'n of Machinists &*

*Aerospace Workers*, 613 F.3d 609, 626 (6th Cir. 2010) (citing *Herron v. Jupiter*

*Transp. Co.*, 858 F.2d 332, 335 (6th Cir. 1988)).  The purpose of Rule 11 sanctions

is to deter the abuse of the legal process.  *Gibson v. Solideal USA, Inc.*, 489 F.

App'x 24, 29 (6th Cir. 2012).  Here, Plaintiff has not sufficiently shown that the

*Bivens* Defendants' motion was not well grounded, not warranted by existing law,

or filed to harass or create an improper delay.  *Id.*  Although the court did not find

Plaintiff's conduct to be sanctionable, the *Bivens* Defendants' motion for

sanctions itself was not inherently frivolous.  As such, the court also denies

Plaintiff's request for sanctions.

**V.      CONCLUSION**

For the reasons stated above, the court declines to award sanctions against

Plaintiff or his attorneys and the *Bivens* Defendants' motion for sanctions is

**DENIED.**  Additionally, the court **DENIES** Plaintiff's counter-request for sanctions

included in their response to the *Bivens* Defendants' motion.

**SO ORDERED**.

Date: August 1, 2024                              s/F. Kay Behm
                                                  F. Kay Behm
                                                  United States District Judge